1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCIAL BARRIOS CORREA, | ) | 1:05 CV F 05 0584 REC DLB |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Plaintiff, | ) | REGARDING COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN D. SMITH, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, proceeding pro se and in forma pauperis, filed the instant complaint on April 6, 2005.  Plaintiff names the Steven D. Smith as Defendant and requests damages in the amount of $35,000.00.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740

1   (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, <u>Resnick</u>

2   <u>v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,

3   <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

4           Fed. R. Civ. P. 8(a) provides:

5       A pleading which sets forth a claim for relief, whether an original claim, counterclaim,
        cross-claim, or third-party claim, shall contain (1) a short and plain statement of the
6       grounds upon which the court's jurisdiction depends, unless the court already has
        jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short
7       and plain statement of the claim showing that the pleader is entitled to relief, and (3) a
        demand for judgment for the relief the pleader seeks. Relief in the alternative or of
8       several different types may be demanded.

9           Plaintiff alleges that he hired attorney Steven D. Smith to represent him and assist him in

10  release from jail.  Plaintiff alleges he paid Mr. Smith $35,000.00.  He asserts that Mr. Smith

11  failed to comply with his duties and lost interest in his case.  Plaintiff seeks $35,000.00 plus

12  interest and the costs of his incarceration for 19 months.

13          Plaintiff has failed to state the grounds for jurisdiction of this Court pursuant to Rule 8.

14  The Federal Court are Courts of limited jurisdiction.  Unlike the state courts, there is no inherent

15  or general subject matter jurisdiction.  The Federal Court can only adjudicate those cases that the

16  Constitution and Congress authorize them to adjudicate which are essentially those involving

17  diversity of citizenship, or a federal question, or to which the United States is a party.  <u>Kokkonen</u>

18  <u>v. Guardian Life Ins. Co. Of America</u>, 511 U.S. 375 (1994).  Plaintiff has not alleged nor does

19  the Court find any basis for Federal Court jurisdiction in the present case.  It does not appear that

20  diversity of citizenship exists and plaintiff has not alleged the deprivation of a federal

21  constitutional or statutory right.  Plaintiff is informed that violation of state law, such as

22  negligence and malpractice, is not sufficient to state a claim for relief under federal law.  To state

23  a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.

24  <u>See</u> <u>Paul v. Davis</u>, 424 U.S. 693 (1976).  Although the court may exercise supplemental

25  jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under

26  federal law.  <u>See</u> 28 U.S.C. § 1367.  It appears as though plaintiff may have intended to file this

27  in state court as he has used California State Judicial Council Forms and his allegations are

28  essentially state law claims of negligence.

1    Accordingly, this Court does not have jurisdiction over the action.  As this deficiency

2  cannot be cured by amendment, the action should be dismissed without leave to amend.

3                                    RECOMMENDATION

4    The Court recommends that this action be DISMISSED WITHOUT LEAVE TO

5  AMEND.  These Findings and Recommendation are submitted to the Honorable Robert E.

6  Coyle, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after

7  being served with these Findings and Recommendation, Plaintiff may file written objections with

8  the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

9  Recommendations."  Plaintiff is advised that failure to file objections within the specified

10  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

11  (9th Cir. 1991).

12    IT IS SO ORDERED.

13  **Dated:    May 3, 2005**                                 _____/s/ Dennis L. Beck_____
     3b142a                                                      UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28